CHIASSON, Judge.
Plaintiff, individually and on behalf of his minor son, Whitney J. Christy, appeals a judgment denying his claim for damages for personal injuries suffered by Whitney when he fell in his sixth grade math class on February 22, 1973. The defendants are Thomas J. Bennett, teacher, the Ascension Parish School Board, and Horace Mann Insurance Company. The defendants have neither appealed nor have they answered this appeal.
The facts giving rise to this litigation are as follows: Whitney was a pupil in the class to which Mr. Bennett was assigned. On the morning of the day in question Whitney alleges that Mr. Bennett pushed him without provocation causing him to fall and hurt his right hip. Mr. Bennett is about 5'9y2" in height and weighs 126 pounds. Whitney is about four inches shorter and of stocky *477 build. Mr. Bennett is physically handicapped, having broken his neck in a diving accident, which resulted in his having poor co-ordination in his right leg and arm, causing him to walk with a limp.
Students testified that on the morning in question, just prior to the incident, many of the students were standing and almost all were “clowning around,” telling jokes and generally not attentive. None could describe the alleged pushing and could only testify as to the pupil striking the front desk and falling to the floor. All of plaintiff’s witnesses had conveniently looked away between the time Whitney walked up to the teacher and the time of the fall.
In his written reasons the trial judge held that Whitney’s injuries were a direct result of his own misbehavior. We affirm.
Whitney’s version is that he walked up to the teacher and tapped him on the shoulder, whereupon the teacher turned, collared him with both hands, and pushed him very hard; that he was traveling backwards as a result of the shove, struck the corner of Mr. Bennett’s desk, continued between the desk and the front wall of the classroom and hit the side window wall, then traveled in a semicircle around the other side of the teacher’s desk, striking and falling next to the first student’s desk on the row of desks next to the window wall.
Bennett’s version of the incident is that when he turned around and first saw Whitney standing next to him, he told him, “Why don’t you go sit down;” that when he turned back Whitney was still there so he put his right hand on Whitney’s shoulder and nudged him, telling him to go sit down; Whitney then pushed him and Bennett again pushed Whitney in the direction of his student desk saying, “Go sit down;” that the push was not hard enough to knock Whitney down, and instead of being propelled in the direction of his seat, Whitney traveled in a straight line in front of his desk to the window wall of the room and then back toward the inside of the room, moving the front student desk and then falling to the floor; the other kids started laughing, but when Whitney started crying, everybody became quiet.
Under Whitney’s version, he traveled a distance of some twelve to fourteen feet and changed directions at an angle of almost ninety degrees. Considering Bennett’s small stature and disability, the improbability of the incident occurring in accordance with Whitney’s version, and the general atmosphere that existed at the time of the incident, it is reasonable to conclude that Whitney’s injuries were the result of his dramatizations of the shove, and/or of his own style of acrobatic “clowning around.” The trial judge was not in error in so concluding.
Having concluded that Whitney’s injuries were due solely to his own fault, the question of reasonableness of any corporal punishment that may have been administered by Mr. Bennett is of no consequence, even if it is assumed that the push administered by the teacher was some form of corporal punishment.
As to plaintiff’s contention that the trial court erred in finding that Whitney was guilty of contributory negligence, we need only say that such a finding was not essential to support the trial court’s decision.
For these reasons, the judgment of the trial court is affirmed.
AFFIRMED.